Dear Representative Landrieu:
In response to your supplemental opinion request regarding released Attorney General Opinion 94-471, we conclude that the lease agreement executed by the members of the FloodComm Corporation and the members of LeveeComm of Louisiana, L.L.C., is valid, notwithstanding our conclusion in Opinion 94-471 that members of the Orleans Levee District cannot legally serve as members of the FloodComm Corporation. These members are nonetheless considered de facto officers, as examined inFeinblum v. Louisiana State Board of OptometryExaminers, 97 So.2d 657 (La.App. 1st Cir. 1957), at page 660:
 "An officer de facto is one who has the reputation of being the officer he assumes to be, and yet is not a good officer in point of law. Generally a person will be held to be a de facto officer when, and only when, he is in possession, and is exercising the duties, of an office, as discussed infra § 137, his incumbency is illegal in some respect or title to the office, as discussed infra § 138, or has acted as an officer for such a length of time, and under such circumstances of reputation or acquiescence by the public and public authorities, as to afford a presumption of appointment or election, and induce people, without inquiry, and relying on the supposition that he is the officer he assumes to be, to submit to or invoke his action, as discussed infra § 142 and, in some, although not all, jurisdictions, only when the office has a de jure existence, as discussed infra § 136. All of the essential elements of the status must be present for one to be considered a de facto officer.
 "Office holding de facto is a fiction of law designed to serve a useful purpose, but the fiction does not abolish the law. While a de facto officer has been held not to be an officer, although his acts may have legal effect, he has also been held to be a legal officer until ousted, and to be submitted to as such until displaced by a regular direct proceeding for that purpose. The party asserting that one, not an officer de jure, is an officer de facto has the burden of going forward with evidence thereof, if not, indeed, the true burden of proof."
Generally, for reasons of public policy, the acts of a de facto officer are valid as to third persons and the public until the officer's title to office is adjudged insufficient. In the interim, the officer's authority may not be collaterally attacked or inquired into by third persons. Acts of de facto officers then, are clothed with the same validity as the acts of de jure officers. State v. Johnson, 192 So.2d 135 (La. 1966) at page 145; see also State v. Stripling, 354 So.2d 1297
(La. 1978). Thus, the members of the Orleans Levee District appointed to serve as officers of the FloodComm Corporation are de facto officers and their acts are considered valid and have effect until such time as their title to office is directly attacked and held invalid.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL